## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br> **c/o United States Attorney's Office** )<br> **601 D Street NW** )<br> **Washington, D.C. 20530** )<br> )<br> **Plaintiff,** )<br> )<br> **v.** )<br> )<br> **$402,669.95 SEIZED FROM ONE SANDY** )<br> **SPRING BANK ACCOUNT** )<br> )<br> **Defendant.** )<br> ───────────────────────────────) | **Civil Action No.: 23-cv-2527** |

## VERIFIED COMPLAINT FOR CIVIL FORFEITURE ACTION IN REM

Plaintiff, United States of America, by and through its attorney, the United States Attorney for the District of Columbia, brings this Verified Complaint for Forfeiture against the certain property to wit, $402,669.95 seized from Sandy Spring Bank Account x8901 on or about April 14, 2023, and alleges as follows in accordance with Supplemental Rule for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule") G(2):

## I.   NATURE OF THE ACTION

1.      This is a civil forfeiture action *in rem* to forfeit all right, title, and interest in the Defendant Property pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C).

## II.   THE DEFENDANT PROPERTY

2.      The Defendant Property consists of $402,669.95 in funds that were seized from Sandy Spring Bank Account x8901 on or about April 14, 2023 (the "Defendant Property").

3.      The Defendant Property was in a bank account held at Sandy Spring Bank in the name of Hachikosela Muchimba ("MUCHIMBA").  The Defendant Property is presently held in

an account controlled by the U.S. Postal Inspection Service.

### III.    <u>JURISDICTION AND VENUE</u>

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345, as this is a civil action commenced by the United States; and pursuant to 28 U.S.C. § 1355(a), as this is an action or proceeding for the recovery or enforcement of a forfeiture.

5.    This Court has *in rem* jurisdiction pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred within the District of Columbia.

6.    Venue in the District of Columbia is proper pursuant to 28 U.S.C. §1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred within the District of Columbia.

### IV.    <u>BASIS FOR FORFEITURE</u>

7.    As detailed below, MUCHIMBA worked for the U.S. Postal Service as a letter carrier in Washington, D.C., until March 29, 2023, when he was placed on an off-duty (without pay) status as a result of his alleged involvement in the loss of mail and funds.

8.    While employed by the U.S. Postal Service, MUCHIMBA misappropriated more than $1 million worth of checks from the U.S. mail and deposited those checks into bank accounts that he controlled.

9.    MUCHIMBA's conduct was in violation of, *inter alia*, 18 U.S.C. §§ 1344 (Bank Fraud); 1957 (Transactions with Criminal Proceeds); and 1708 (Theft of Mail).

10.    Based on the facts set forth in this Complaint, there is a reasonable belief that the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2) as property constituting, or derived from, proceeds obtained directly or indirectly as the result of a violation of 18 U.S.C. § 1344.

11.     Based on the facts set forth in this Complaint, there is a reasonable belief that the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) as property, real or personal, involved in a violation of 18 U.S.C § 1957, or any property traceable to such property.

12.     Based on the facts set forth in this Complaint, there is a reasonable belief that the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1708.

V.     **FACTS**

13.     In January 2023, a postal customer who resides in Washington, D.C., reported his U.S. Treasury check was stolen from the mail and fraudulently negotiated.

14.     At around the same time, law enforcement identified five U.S. Treasury checks that had been fraudulently negotiated into an account at TD Bank (x-1517).

15.     On January 3, 2023, a postal customer ("W-1") provided law enforcement with a copy of a U.S. Treasury check in the amount of $14,304.82 that was written pay to the order of "Hachikosela Khose Muchimba, **** Hayes Street NE, Apartment **, Washington, DC 20019-1804."  This check was supposed to be addressed to W-1 (and payable to W-1) but W-1 had never received the check.  This check was endorsed on the back "Pay to the order of 'Double Blue Investments' and deposited via mobile application on September 7, 2022, into TD Bank account x-1517.


*Picture 1 - Front of Check*


*Picture 2 - Back of Check*

16.     W-1 recognized the name and the address on the U.S. Treasury check as the same name and address that W-1's mail carrier had used on a holiday card.  According to this customer, this USPS mail carrier provided holiday cards to the residents on his mail route in December 2022. W-1 showed law enforcement the mailing label that appeared on the holiday card from his mail carrier.


*Picture 3 - Photograph of Mailing Label*

17.     On January 12, 2023, I learned from TD Bank that account x-1517 belongs to "Double Blue Investments LLC" (TIN: x-0832) with an address at **** Hayes Street NE, Apt **, Washington, D.C. 20019.  Account x-1517 was opened on October 5, 2021, at the TD Bank branch located at Rhode Island Place in Washington, D.C.  The customer who opened the account was HACHIKOSELA MUCHIMBA (DOB: xx/xx/1980; SSN: x-3502) and MUCHIMBA is the only person authorized to conduct transactions in this account..

18.     TD Bank provided copies of four additional U.S. Treasury checks that were fraudulently negotiated into TB Bank account x-1517. These checks were all written pay to the order "Hachikosela Khose Muchimba, **** Hayes St NE, Apt **, Washington, DC 20019-1804." The back of each of these checks were also endorsed pay to the order of "Double Blue Investments."  TD Bank provided a U.S. Treasury Check Reclamation Statement for each of these checks that identified the victim to whom this check was originally written to and the amount of the stolen U.S. Treasury check that was fraudulently negotiated.  The amounts of these four additional U.S. Treasury checks and the dates they were deposited into account x-1517 were as follows:

| CHECK NUMBER | DEPOSIT DATE | AMOUNT |
|---|---|---|
| 4041-82505263 | 12/13/2021 | $30,495.15 |
| 4045-02544139 | 7/18/2022 | $2,935.96 |
| 4045-04230290 | 8/2/2022 | $18,362.00 |
| 4045-04899401 | 8/16/2022 | $2,275.96 |

The original payee information was removed from these four U.S. Treasury checks and the check provided by W-1 and replaced with MUCHIMBA's name and address.

19.     Bank records for TD Bank account x-1517 on or about August 18, 2022, another U.S. Treasury check (No. 4045-04230293) was deposited into account x-1517 in the amount of $53,691.82 at an ATM.   However, the name and address for the original payee was not removed from this check when it was deposited into account x-1517.  The mailing address for this original payee was in Washington, D.C.



*Picture 4 - ATM Deposit on 8/18/2022 into Account x-1517*

20.     Surveillance photographs from TD Bank depict the same person making multiple ATM transactions with account x-1517.  For example, a picture of the individual who deposited U.S. Treasury check number 4045-04230293 in the amount of $53,691.82 on August 18, 2022, is the following:



*Picture 5 - Photograph from 8/18/2022 ATM Deposit*

21.     Surveillance photographs captured the same person withdrawing $1,000 from account x-1517 on four subsequent dates: September 20, 2022; September 22, 2022; September 28, 2022; and October 6, 2022.  In three of these surveillance photographs, the person appears to be wearing U.S. Postal Service clothing typically worn by employees.



*Picture 6 - $1,000 ATM Withdrawal on 9/20/2022*



*Picture 7 - $1,000 ATM Withdrawal on 9/22/2022*



*Picture 8 - $1,000 ATM Withdrawal on 9/28/2022*



*Picture 9 - $1,000 ATM Withdrawal on 10/6/2022*

The person who made the ATM transactions in the foregoing pictures was MUCHIMBA.

22.     MUCHIMBA began employment at the USPS as a mail carrier on February 16, 2020, at the Friendship Post Office Station located at 4005 Wisconsin Avenue NW, Washington, D.C. MUCHIMBA's home address on record at the USPS is **** Hayes St NE, Apt. **, Washington, D.C. 20009.  His assigned mail route at the Friendship Post Office Station has been route 23 since January 31, 2021.

23.     MUCHIMBA altered the U.S. Treasury checks he stole and added his name and address to the checks before depositing them.  Evidence of such an alteration can be seen on two of the checks that were fraudulently deposited in account x-1517 by MUCHIMBA via mobile application.



*Picture 10 - Check with Evidence of Alteration*



*Picture 11 - Check with Evidence of Alteration*

24.     The total amount of the U.S. Treasury checks referenced above that were fraudulently deposited into MUCHIMBA's account at TD Bank in the name of Double Blue Investments is $122,065.71.

25.     Law enforcement executed a search warrant at MUCHIMBA's personal residence on March 29, 2023.  In the course of that search, law enforcement recovered an ATM receipt that reflected a deposit of a U.S. Treasury Check in the amount of $415,173.53 into the Sandy Spring Bank account x8901, *i.e.*, the Defendant Property.

26.     On March 24, 2023, MUCHIMBA deposited a U.S. Treasury Check in the amount of $415,173.53 into the Sandy Spring Bank account x8901, *i.e.*, the Defendant Property.



*Picture 12 – ATM Receipt Recovered March 29, 2023*

27.     MUCHIMBA controlled Sandy Spring Bank Account x8901 and MUCHIMBA was the only person authorized to make transactions with that Account.  The U.S. Treasury check depicted in the ATM receipt was addressed to a person who is not MUCHIMBA.  The intended recipient of this check did not authorize MUCHIMBA to possesses this check or to deposit the check into MUCHIMBA's bank account.

**28.**     MUCHIMBA controlled bank accounts at eight financial institutions: Sandy Spring Bank, TD Bank, Capital One, Citibank, JP Morgan Chase, Digital Credit Union, Ally Bank, and NBKC Bank and he deposited approximately 98 misappropriated checks into those accounts with an aggregate value of $1,697,909.52.  At least 90 of those misappropriated checks were U.S. Treasury checks.

## COUNT ONE
### (Forfeiture as Proceeds of Bank Fraud Offense)

29.     Each of the foregoing allegations is hereby incorporated by reference.

30.     Title 18, United States Code, Section 982(a)(2)(A) provides that the "court, in

11

imposing sentence on a person convicted of a violation of . . . section . . . 1344 [of Title 18], affecting a financial institution, . . . shall order that the person forfeit to the Unites States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation."

31.    The Defendant Property is subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(2)(A), as property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of a violation 18 U.S.C. § 1344 that affected a financial institution.

32.    Title 18, United States Code, Section 981(a)(1)(C) provides that "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of [Title 18]), or a conspiracy to commit such offense" is subject to forfeiture.

33.    A "specified unlawful activity" as defined in section 1956(c)(7) includes "any act or activity constituting an offense listed in section 1961(1)" of Title 18.  Bank Fraud, in violation of 18 U.S.C. § 1344, is an offense listed in section 1961(1).

34.    The Defendant Property is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), as  property, which constitutes or is derived from proceeds traceable to a bank fraud violation.

## COUNT TWO
### (Forfeiture as Property Involved in a Money Laundering Transaction)

35.    Each of the foregoing allegations is hereby incorporated by reference.

36.    Title 18, United States Code, Section 981(a)(1)(A) provides that "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section . . . 1957 of [Title 18], or any property traceable to such property" is subject to forfeiture.

37.     Section 1957 provides that whoever, "knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity" has committed a criminal offense.

38.     Section 1957(f)(1) defines "monetary transaction" as the "deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument (as defined in section 1956(c)(5) of this title) by, through, or to a financial institution (as defined in section 1956 of this title), including any transaction that would be a financial transaction under section 1956(c)(4)(B) of this title . . ." Section 1956(c)(6)(A) defines "financial institution" to include "any financial institution, as defined in section 5312(a)(2) of Title 31 . . ." Section 5312(a)(2)(A) defines a financial institution as "an insured bank (as defined in section 3(h) of the Federal Deposit Insurance Act . . .)."

39.     The Defendant Property is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in a transaction in violation of 18 U.S.C.§ 1957.

## COUNT THREE
### (Forfeiture as Proceeds of Theft of Mail)

40.      Each of the foregoing allegations is hereby incorporated by reference.

41.     Title 18, United States Code, Section 981(a)(1)(C) provides that "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of [Title 18]), or a conspiracy to commit such offense" is subject to forfeiture.

42.     A "specified unlawful activity" as defined in section 1956(c)(7) includes "an offense under . . . section 1708 (theft from the mail) of [Title 18]."

43.     The Defendant Property is subject to forfeiture, pursuant to 18 U.S.C.

§ 981(a)(1)(C), as property, which constitutes or is derived from proceeds traceable to a theft of

mail violation.

**CONCLUSION**

WHEREFORE, the United States prays that this Court decree that all right, title, and

interest in the Defendant Property be condemned and forfeited to the United States of America,

and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:    _____
JOHN W. BORCHERT (D.C. Bar No. 472824)
Assistant United States Attorney
601 D Street, NW,
Washington, D.C. 20530
(202) 252-7679
john.borchert@usdoj.gov

August 29, 2023

## **VERIFICATION**

I, Mark Montoya, hereby verify and declare under penalty of perjury that I am a Special Agent with the U.S. Postal Service Office of the Inspector General, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 29, 2023

_Mark Montoya_
_____
Special Agent Mark Montoya
U.S. Postal Service Office of the Inspector General

15