UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>c/o United States Attorney's Office<br>601 D Street NW<br>Washington, D.C.  20530<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**$402,669.95 SEIZED FROM ONE SANDY SPRING BANK ACCOUNT**<br><br>　　　　**Defendant.** | )<br>)<br>)<br>)<br>)<br>)　Civil Action No.: 23-cv-2527<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO STAY CIVIL PROCEEDINGS PURSUANT TO 18 U.S.C. § 981(g)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves for a stay in the above-captioned matter. In support of this motion, the government relies upon the points and authorities set out below and at any hearing on this matter.

### I.  INTRODUCTION

A stay pursuant to 18 U.S.C. § 981(g) is appropriate in this civil action, as the present action is inexorably linked to an ongoing criminal investigation. In that matter, Hachikosela Muchimba ("MUCHIMBA") has not yet been arrested or indicted on various fraud and money laundering charges. One of the claimants to the defendant property, and perhaps the sole claimant, will be MUCHIMBA.  Moreover, the civil complaint alleges that the defendant property is evidence of MUCHIMBA's criminal conduct. Allowing the present case to continue would create numerous adverse effects, primarily stemming from the civil discovery process. No protective order can be fashioned to avoid these pitfalls and still permit proper discovery and trial to occur.

## II. BRIEF STATEMENT OF FACTS

The criminal investigation revealed that MUCHIMBA, a former mail carrier with the U.S. Postal Service, misappropriated numerous U.S. Treasury checks and private party checks from the mail. MUCHIMBA then deposited those misappropriated checks into bank accounts that MUCHIMBA controlled, and withdrew those funds to use for his own personal benefit. MUCHIMBA's conduct was in violation of 18 U.S.C. §§ 1344 (Bank Fraud), 1957 (Transactions in Criminally-Derived Property), and 1708 (Theft of Mail). As noted in the Complaint, on March 24, 2023, MUCHIMBA deposited a U.S. Treasury Check in the amount of $415,173.53 into Sandy Spring Bank account x8901. The Defendant Property is $402,669.95 that the government seized from that same account at Sandy Spring Bank on or about April 14, 2023. Those funds are the proceeds of MUCHIMBA's criminal conduct.

## III. DISCUSSION

### A. Section 981(g) Mandates a Stay of a Civil Forfeiture Action Where Civil Discovery Will Adversely Affect a Related Criminal Investigation or Prosecution

Courts "must grant" a stay in civil forfeiture actions, when there is a potential adverse effect upon a criminal investigation or prosecution. *United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006) (citing 18 U.S.C. § 981(g)(1)); *see also United States v. $1,699,675*, No. 1:13-cv-21459, 2014 WL 687553, *2 (S.D. Fla. Jan. 16, 2014) (statute provides for a "mandatory stay" where the government demonstrates an adverse effect); *United States v. 3039.375 Pounds of Copper Coins*, No. 1:08-cv-230, 2008 WL 4681779, *1-2 (W.D.N.C. Oct. 21, 2008) (entry of a stay is "automatic" if the government shows that civil discovery would adversely affect its ability to conduct a related criminal investigation). Courts have found an adverse effect where the discovery process "would burden law enforcement

officials who are otherwise conducting a contemporaneous criminal investigation" or would lead to the disclosure of confidential information, the government's criminal strategy, or otherwise undiscoverable evidence in the criminal process. *Funds on Deposit in Suntrust Account 8359*, 456 F. Supp. 2d at 66; *see also United States v. 6415 North Harrison Ave.*, No. 1:11–cv–00304, 2012 WL 4364076, at *3 (E.D. Cal. Sept. 21, 2012) (Section 981(g) does "not require a particularized showing of prejudice or harm; rather all that the Court must determine is whether the civil discovery will interfere with the criminal investigation"). The potential for running afoul of Fifth Amendment self-incrimination issues is an additional adverse effect considered by courts. *See United States v. $2,067,437.08*, 2008 WL 238514, at *6 (E.D.Tex. Jan. 28, 2008) ("Finally, continuation of the forfeiture proceeding may infringe upon [claimant's] right against self-incrimination.").

The potential for such adverse effects is present here because the operative facts and parties involved in this civil action are the same as those in the criminal investigation, and thus, inherently related. Both matters involve MUCHIMBA's misappropriation of checks from the mail, MUCHIMBA's deposits of those checks into his bank accounts, and MUCHIMBA laundering those fraudulently obtained funds. The government will be required to prove nearly identical facts in its criminal case as it would in this civil action. *See $2,067,437.08*, 2008 WL 238514, at *2 (holding risk of adverse effect on criminal case is clear where the government has to prove the same facts in the criminal and civil matters).

Further, that the criminal investigation has not yet led to an indictment is immaterial, as the Civil Asset Forfeiture Reform Act expanded the availability of the stay to the period of the investigation before criminal proceedings begin. *See United States v. All Funds Deposited in Acc't No. 200008524845*, 162 F. Supp. 2d 1325, 1330 (D. Wyo. 2001).

3

### B. Civil Discovery Would Jeopardize the Related Criminal Investigation

Section 981 sets a low threshold for the government to meet in order to show that discovery will create an adverse effect. *See United States v. One 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d 1180, 1183 (C.D. Cal. 2011). Specifically, "Section 981(g)(1) does not require a particularized showing of prejudice or specific harm; rather, all that the Court must determine is whether the civil discovery will interfere with the criminal investigation." *Id.* (citations omitted). "In fact, more specific disclosure of prejudice through detailed evidentiary support will only result in the very prejudice to the criminal proceeding that the Government seeks to avoid." *6415 North Harrison Ave.*, 2012 WL 4364076, at *3. As such, courts have "routinely issued" stays on the basis of the government's allegations of likely prejudice to the related criminal investigation. *Id.* It is only in the most extreme cases that courts will refuse a stay, such as when the related criminal cases had been terminated and the government fails to present "any evidence" that litigating the civil forfeiture would interfere with any "ongoing investigation or prosecution." *United States v. $463,497.72 in U.S. Currency From Best Bank Account*, 779 F. Supp. 2d 696, 712 (E.D. Mich. 2011); *see also United States v. Sum of $70,990,605*, 4 F.Supp.3d 209, 214-15 (D.D.C. 2014) (refusing a stay in favor of a protective order because the government offered "no evidence" of an adverse effect in terms of a Fifth Amendment problem or in conducting the criminal investigation).

Civil discovery would be especially damaging in this case, as its scope is far greater than criminal discovery. "Where civil discovery would subject the Government's criminal investigation to 'early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding,' a stay should be granted." *Suntrust Acc't No. 8359*, 456 F. Supp. 2d at 65 (quoting *United States v. One Assortment of Seventy-Three Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005); *see also 10 Table Bluff Rd.*, No. 06-5256, 2007 WL 911849, at *2 (N.D. Cal. Mar. 23, 2007) ("civil

4

discovery will likely adversely affect the ability of the Government to conduct the related criminal investigation because it will subject the Government's criminal investigation to broader and earlier discovery than would occur in a criminal proceeding"). Civil discovery would allow claimants and potential criminal defendants to use the civil trial as a "backdoor method to obtain discovery outside the scope of Fed. R. Crim. P. 16." *United States v. Contents of Nationwide Life Insurance Annuity Account No. 0961*, No. 1:05-0196, 2007 WL 682530, at *1 (S.D. Ohio March 1, 2007). Depositions would be required in the present case of Mr. Maresca, potential coconspirators, and law enforcement personnel involved in the investigation, among others. Having depositions would allow Mr. Maresca to examine these witnesses, which would expose the government's trial strategy and require witnesses to divulge sensitive information regarding the ongoing criminal investigation. *See United States v. $247,052.54*, No. 05-4798, 2007 WL 2009799, at *2 (N.D. Cal. Mar. 1, 2007).

A stay is necessary even if MUCHIMBA alleges that he will not engage in discovery. *See United States v. 2009 Dodge Challenger, VIN 2B3LJ44V49H561559*, No. 03:11-cv-328, 2011 WL 6000790, at *2 (D. Or. Nov. 30, 2011) (granting stay even though claimants stressed that they would not seek discovery, because the government would still "be compelled to compile and reveal information and evidence collected in support of its criminal investigation" in order to effectively oppose any dispositive motions). At a minimum, discovery will be necessary in this case concerning property purchase records, other financial records, and witness testimony. *See id.*; *$247,052.54*, 2007 WL 2009799, at *2 (holding that claimant's promise to forgo discovery was irrelevant because the government was entitled to conduct its own discovery that would be harmful to the criminal case). Thus, a stay is necessary in the present action to avert the pitfalls associated with civil discovery. *See United States v. All Funds on Deposit in Business Market Account No.*

5

*028-0942059-66*, 319 F. Supp. 2d 290, 294 (E.D.N.Y. 2004) (finding that "the court is required to stay" a civil forfeiture, where the court is satisfied that information routinely ordered disclosed in civil discovery would compromise an ongoing criminal case).

A protective order is not viable as an alternative to a stay in this matter. The heart of the proof in this case involves discovery of the very issues in question in the related criminal investigation. Moreover, the same witnesses will be required to testify in both matters. Additionally, "because the discovery the Government desires in the forfeiture action would be harmful to the criminal prosecution, there is no practical way to proceed here [with a protective order] without risking an adverse effect on the criminal case." *$247,052.54*, 2007 WL 2009799, at *3. At best, a narrow protective order would still leave open the possibility of disclosure of sensitive information; whereas, a broad protective order would overly limit the discovery process, which would foreclose a fair trial for either party. *See id.* at *2; *United States v. All Funds Deposited in Account No. 200008524845*, 162 F. Supp. 2d 1325, 1331 (D. Wyo. 2001).

    **C.    The Claimant's Fifth Amendment Rights are Harmed by Permitting this Action to Proceed**

At a minimum, MUCHIMBA engaged in illegal activity by misappropriating checks, depositing them into bank accounts, and laundering the funds. As such, MUCHIMBA's Fifth Amendment rights are implicated in this action. As part of civil discovery, the government would be authorized to depose MUCHIMBA. Proceeding with discovery would force him into the unfair position of having to choose between waiving his Fifth Amendment privilege, thereby revealing inculpatory information, or invoking the privilege, but with the knowledge that adverse inferences would be drawn in the civil actions. *Volmar Distributors, Inc. v. New York Post Co.,* 152 F.R.D. 36, 39-40 (S.D.N.Y. 1993); *see also $2,067,437.08*, 2008 WL 238514, at *6. "'Courts have long

stayed civil forfeiture cases based upon [such] anticipatory discovery issues[.]'" *United States v. $177,844.68*, No. 2:13-civ-100, 2014 WL 4071054, at *5 (D. Nev. Aug. 15, 2014) (quoting *United States v. All Funds Deposited in Account No. 200008524845*, 162 F. Supp. 2d 1325, 1330 (D. Wyo. 2001). In addition, even if MUCHIMBA were comfortable waiving this privilege, potential coconspirators – who the government will also seek to depose – will likely not be so keen to waive their Fifth Amendment interests in order to facilitate the return of illegal proceeds.

Even though no indictment has yet been returned, MUCHIMBA's and others' Fifth Amendment rights are implicated, as the government may seek testimony from the involved parties before the grand jury. *See Volmar*, 152 F.R.D. 36 (finding that a stay was necessary even for non-indicted defendants); *but see SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980) (holding that the risk of jeopardizing a party's Fifth Amendment privilege is greatly lessened when no indictment has been returned).

## IV.     CONCLUSION

As detailed above, an indictment has not been returned. The continued litigation of this civil forfeiture case will adversely affect the ability of the government to continue its investigation and prosecute the related criminal case against MUCHIMBA. Therefore, the government respectfully requests that this civil matter be stayed pending the resolution of the related criminal investigation.

WHEREFORE, the government respectfully requests that this motion for a stay be granted pending the resolution of the criminal investigation against MUCHIMBA.

A proposed order is attached.

                                          Respectfully submitted,

                                          MATTHEW M. GRAVES
                                          United States Attorney

By: _____
                                          JOHN W. BORCHERT (D.C. Bar No. 472824)
                                          Assistant United States Attorney
                                          601 D Street, NW
                                          Washington, D.C. 20530
                                          (202) 252-7679
                                          john.borchert@usdoj.gov

August 29, 2023