**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 23-2527 (RC) |
| | : | | |
| v. | : | Re Document No.: | 9 |
| | : | | |
| $402,669.95 SEIZED FROM ONE SANDY SPRING BANK ACCOUNT, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

GRANTING THE GOVERNMENT'S MOTION TO STAY PROCEEDINGS

**I. INTRODUCTION**

The United States of America ("United States" or "Government") filed this civil *in rem* forfeiture action, alleging that the defendant funds ("Defendant Property") are $402,669.95 of misappropriated U.S. Treasury checks and private party checks from the mail, which were seized from a Sandy Spring Bank ("SSB" or "Claimant") bank account, allegedly owned by Hachikosela Muchimba ("Muchimba"), a former letter carrier for the U.S. Postal Service. The present motion to be resolved by the Court is the Government's motion to stay the action pursuant to 18 U.S.C. § 981(g),[1] as it alleges that the suit is "inextricably linked to an ongoing criminal investigation." Gov't's Mot. to Stay ("Gov't's Mot.") at 1, ECF No. 9. Claimant responded to the Government's motion opposing the stay, Def.'s Opp'n to Gov't's Mot. to Stay

---

[1] The Government filed a motion to stay proceedings contemporaneous with the filing of this action, but the Court denied its motion without prejudice on the grounds that the motion "is premised on no indictment having been returned on the primary (and possibly only) claimant, Muchimba." Min. Order of Dec. 7, 2023. Because Muchimba had now been indicted, the Court ordered that the Government may re-file its motion to stay once the claimant is served and can respond to the motion. *Id.*

("Def.'s Opp'n"), ECF No. 10, and the Government subsequently filed a reply, Gov't's Reply to SSB's Opp'n to Mot. to Stay ("Gov't's Reply"), ECF No. 11.

## II. FACTUAL BACKGROUND

In January 2023, a postal customer reported that his "U.S. Treasury check was stolen from the mail and fraudulently negotiated;" and around that same time period, law enforcement reported that five U.S. Treasury checks were fraudulently negotiated into a bank account at TD Bank. Compl. ¶¶ 13, 14. Earlier in the month, another postal customer ("W-1") reported to law enforcement that a U.S. Treasury check in the amount of $14,304.82 was written to pay to the order of Muchimba; and though it was supposed to be addressed to W-1, W-1 never received it. *Id*. ¶ 15. W-1 subsequently noticed that the name and address on the U.S. Treasury check was the same as the name and address that W-1's mail carrier had used on a holiday card. *Id*. ¶ 16.

The Government alleges that, on January 12, 2023, it learned that the bank account at TD Bank belongs to Double Blue Investments LLC and that the customer who opened the account, and is the only person authorized to conduct transactions in the account, is Muchimba. *Id*. ¶ 17. In the remainder of the Complaint, the Government claims that, after misappropriating numerous U.S. Treasury checks and private party checks from the mail, Muchimba deposited such checks into bank accounts that he controlled and withdrew those funds to use for his personal benefit. Gov't's Mot. at 3. Accordingly, Muchimba's conduct was in violation of 18 U.S.C. §§ 1344 (Bank Fraud), 1957 (Transactions in Criminally-Derived Property), and 1708 (Theft of Mail). *Id*. In March 2023, Muchimba allegedly deposited a U.S. Treasury check in the amount of $415,173.53 into a SSB bank account, and the Defendant Property that the government seized from the same account is $402,669.95, which the Government alleges are the proceeds of Muchimba's criminal conduct. *Id*.

On November 9, 2023, a grand jury in this Court returned an indictment in the matter *United States v. Hachikosela K. Muchimba*, No. 23-cr-393 (D.D.C. 2023), charging Muchimba in "Count One with conspiracy, in violation of 18 U.S.C. § 371; in Counts Two through Eleven with theft of mail and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1708; in Counts Twelve through Eighteen with bank fraud and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1344; in Count Nineteen with engaging in a monetary transaction in property derived from specified unlawful activity and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1957; and in Count Twenty with unlawful procurement of naturalization, in violation of 18 U.S.C. § 1425(a)." Gov't's Mot. at 1–2. The indictment also includes a criminal forfeiture allegation, which notifies Muchimba that if convicted of any of the counts, the Government will seek criminal forfeiture. *Id*. at 2. The Government alleges that the "$402,669.95 in U.S. currency in this civil forfeiture matter is the same property and funds as the specific property subject to criminal forfeiture, $402,669.95 in U.S. currency, identified in the Forfeiture Allegation of the Indictment." *Id*. at 2–3. Although Muchimba has not submitted a claim for the property at issue in this action, the Complaint alleges that Defendant Property is evidence of Muchimba's criminal conduct; and therefore, this action should be stayed because "allowing the present case to continue would create numerous adverse effects, primarily stemming from the civil discovery process." *Id*. at 3.

### III. LEGAL STANDARD

When the United States moves for a stay, "the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). The Court must find both (1) a relation between the current forfeiture proceeding and a criminal case or investigation, and (2) that "continuation of the

forfeiture proceeding will burden . . . the related investigation or case." 18 U.S.C. 981(g)(2); *see also United States v. $845,130.00 of Funds Associated with Apex Choice Ltd.*, 2020 WL 6581781, at *1 (D.D.C. 2020). To determine if the criminal case is related, "the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." 18 U.S.C. § 981(g)(4). The United States "may, in appropriate cases, submit evidence *ex parte* in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial." 18 U.S.C. § 981(g)(5). "[T]he government must make an actual showing that civil discovery will adversely affect the investigation or prosecution of a related criminal case." *United States v. All Funds on Deposit in Suntrust Acct. No. XXXXXXXX8359*, 456 F. Supp. 2d. 64, 65 (D.D.C. 2006). Although the parties and the facts of the civil and criminal cases do not need to be identical, they must be similar. *Id*. "Where civil discovery would subject the government's criminal investigation to 'early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding,' a stay should be granted." *Id.* (citation omitted).

## IV.  ANALYSIS

The first statutory factor for granting a stay in a civil forfeiture proceeding is whether there is a related criminal investigation or case involving the Defendant Property. 18 U.S.C. § 981(g). Here, the Government has sufficiently demonstrated that the civil *in rem* forfeiture action and ongoing criminal investigation into Muchimba are related because they arise from the same facts and circumstances. Gov't's Mot. at 5 ("The potential for such adverse effects is present here because the operative facts and parties involved in this civil action are the same as those in the criminal investigation, and thus, inherently related. Both matters involve

4

Muchimba's misappropriation of checks from the mail, Muchimba's deposits of those checks into his bank accounts, and Muchimba laundering those fraudulently obtained funds. The government will be required to prove nearly identical facts in its criminal case as it would in this civil action."). In this Circuit, the actions are "clearly related" when "a criminal investigation and a civil forfeiture action have common facts, similar alleged violations and some common parties." *United States v. Sum of $70,990,605,* 4 F. Supp. 3d 209, 212 (D.D.C. 2014) (quoting *All Funds on Deposit in Suntrust Acct. 8359*, 456 F. Supp. 2d at 65) (internal quotations omitted). The investigation into Muchimba involves the same relevant facts, which include the alleged misappropriation of the same checks from the mail and laundering of fraudulently obtained funds from the same bank accounts. Gov't's Mot. at 5. The Government's motion and reply in support of its motion, *see* Gov't's Reply at 1–2, support the conclusion that both the forfeiture action and the criminal investigation pertain to similar facts and circumstances.

For the second statutory factor, the Court must determine whether continuation of the forfeiture proceeding would burden the related criminal investigation. 18 U.S.C. § 981(g)(2)(C). The Court finds that civil discovery would adversely affect the ability of the Government to conduct the related criminal investigation. Such adversity is found when the discovery process "would burden law enforcement officials who are otherwise conducting a contemporaneous criminal investigation" or would lead to the disclosure of the government's criminal strategy, confidential information, or any other undiscoverable evidence in the criminal process. *All Funds on Deposit in Suntrust Acct. 8359*, 456 F. Supp. 2d at 66. Courts will grant stays on proceedings when the Government adequately shows some evidence that there will likely be prejudice to the related criminal prosecution if the stay is denied. *See Sum of $70,990,605*, 4 F. Supp. 3d at 214–15 (denying a stay because the government offered "no evidence that it cannot

5

take discovery because of the pending criminal investigation"). Here, the Government's motion and reply provide substantial evidence for why a stay is appropriate. First, the Government claims that civil discovery would jeopardize the related criminal proceeding because "its scope is far greater than criminal discovery." Gov't's Mot. at 6. "Where civil discovery would subject the government's criminal investigation to 'early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding,' a stay should be granted." *All Funds on Deposit in Suntrust Acct. 8359*, 456 F. Supp. 2d at 65 (quoting *United States v. One Assortment of Seventy-Three Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005)). The Government further argues that "[c]ivil discovery would allow claimants and potential criminal defendants to use the civil trial as a 'backdoor method to obtain discovery'" and a "deposition would be required in the present case of Muchimba, potential coconspirators, and law enforcement personnel involved in the investigations, among others." Gov't's Mot. at 6 (citation omitted). These concerns are still present even if Claimant alleges that they will not engage in discovery because, at minimum, discovery is necessary with respect to the financial records and witness statements. *Id*. at 6–7; *see also United States v. 2009 Dodge Challenger, VIN 2B3LJ44V49H561559*, No. 03:11-cv-328, 2011 WL 6000790, at *2 (D. Or. Nov. 30, 2011) (granting motion to stay despite claimants not seeking discovery when the government would "be compelled to compile and reveal information and evidence collected in support of its criminal investigation" in order to oppose claimants' motions).

The Court concludes that the Government has sufficiently demonstrated the connection between the civil forfeiture proceeding and the ongoing criminal investigation, and it has demonstrated that broad civil discovery would adversely affect the Government's ability to conduct its criminal investigation. The Court therefore grants the Government's motion to stay.

take discovery because of the pending criminal investigation"). Here, the Government's motion and reply provide substantial evidence for why a stay is appropriate. First, the Government claims that civil discovery would jeopardize the related criminal proceeding because "its scope is far greater than criminal discovery." Gov't's Mot. at 6. "Where civil discovery would subject the government's criminal investigation to 'early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding,' a stay should be granted." *All Funds on Deposit in Suntrust Acct. 8359*, 456 F. Supp. 2d at 65 (quoting *United States v. One Assortment of Seventy-Three Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005)). The Government further argues that "[c]ivil discovery would allow claimants and potential criminal defendants to use the civil trial as a 'backdoor method to obtain discovery'" and a "deposition would be required in the present case of Muchimba, potential coconspirators, and law enforcement personnel involved in the investigations, among others." Gov't's Mot. at 6 (citation omitted). These concerns are still present even if Claimant alleges that they will not engage in discovery because, at minimum, discovery is necessary with respect to the financial records and witness statements. *Id*. at 6–7; *see also United States v. 2009 Dodge Challenger, VIN 2B3LJ44V49H561559*, No. 03:11-cv-328, 2011 WL 6000790, at *2 (D. Or. Nov. 30, 2011) (granting motion to stay despite claimants not seeking discovery when the government would "be compelled to compile and reveal information and evidence collected in support of its criminal investigation" in order to oppose claimants' motions).

The Court concludes that the Government has sufficiently demonstrated the connection between the civil forfeiture proceeding and the ongoing criminal investigation, and it has demonstrated that broad civil discovery would adversely affect the Government's ability to conduct its criminal investigation. The Court therefore grants the Government's motion to stay.

However, SSB suggests that it is prepared to file a motion for summary judgment. Def.'s Opp'n ¶ 23. If so, notwithstanding this stay, SSB may file its motion for summary judgment within 30 days of this opinion. If the Government wishes to defer its opposition to that motion, it must provide far greater specificity to establish that responding to the motion itself will burden the related investigation or case than it has provided to date.

## V.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Government's motion to stay proceedings is granted. It is FURTHER ORDERED that this civil forfeiture case is STAYED for a period of 180 days from the date of this Order. Thereafter, the Government shall file a status report every sixty days. Notwithstanding this stay, SSB may file a motion for summary judgment within 30 days of this opinion. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

SO ORDERED.

Dated: November 12, 2024                                             RUDOLPH CONTRERAS
                                                                    United States District Judge